1   NATIONAL LAWYERS GUILD

2
    RACHEL LEDERMAN, SBN 130192
3   Rachel Lederman & Alexsis C. Beach,
    Attorneys at Law
4   558 Capp Street
5   San Francisco, CA 94110
    (415) 282-9300; fax (415) 285-5066
6   rlederman@2momslaw.com

7
    CAROL SOBEL, SBN 84483
8   429 Santa Monica Blvd #550
9   Santa Monica, CA 90401-3439
    (310) 393-3055; fax 310 451-3858
10  carolsobel@aol.com

11
    additional counsel on next page
12
                  UNITED STATES DISTRICT COURT
13                NORTHERN DISTRICT OF CALIFORNIA
14
                                        **C11-02867**
15
16  DANIEL SPALDING, KATHARINE LONCKE,      No. _____
    DANIELLE LOPEZ GREEN, ADRIAN DRUMMOND-
17  COLE, individually and on behalf of all others similarly
    situated,                                **CIVIL RIGHTS CLASS
18                                            ACTION COMPLAINT
                                              FOR DAMAGES AND
19      Plaintiffs                            INJUNCTIVE AND
                                              DECLARATORY
20      vs.                                   RELIEF**
21
    CITY OF OAKLAND, COUNTY OF ALAMEDA,       **DEMAND FOR JURY
22  ANTHONY BATTS, HOWARD JORDAN, JEFF        TRIAL**
    ISRAEL, ERIC BRESHEARS, EDWARD TRACEY,
23  ANTHONY TORIBIO, DAVID DOWNING, ERSIE
    JOYNER, MIKE POIRIER, DARRIN ALLISON,
24  GREGORY AHERN, individually and in their official
25  capacities, and DOES 1-250, inclusive.
26
27  *CIVIL RIGHTS CLASS ACTION COMPLAINT*      *1*
28

BOBBIE STEIN SBN 113239
503 Dolores Street, #201
San Francisco, CA 94110-1564
(415) 255-0301; fax (510) 601-5780
bstein8692@aol.com

R. MICHAEL FLYNN SBN 258732
Flynn Law Office
170 Columbus Street, Ste 300
San Francisco, CA 94133
(415) 989-8000 x 24; fax (415) 989-8028
rmflynnlaw@gmail.com

MARA VERHEYDEN-HILLIARD, D.C. Bar No. 450031
CARL MESSINEO, D.C. Bar No. 450033
PARTNERSHIP FOR CIVIL JUSTICE FUND
617 Florida Avenue, NW
Washington, DC 20001
(202) 232-1180; fax (202) 747-7477
mvh@justiceonline.org, cm@justiceonline.org
[Application for Admission *Pro Hac Vice* forthcoming]

## I. INTRODUCTION

1.      This is a civil rights class action arising from unconstitutional and unlawful

arrest and incarceration of approximately 150 people by the Oakland Police Department,

Alameda County Sheriff's Department, and multiple agencies working in joint action and

providing mutual aid under the direction of the Oakland Police, on November 5, 2010.

That day, hundreds of people participated in a rally in downtown Oakland to protest the

minimal sentence given former BART police officer Johannes Mehserle for his killing of

unarmed passenger Oscar Grant.  Following the rally some of the demonstrators decided

to march toward Fruitvale BART.  As evening fell, the Oakland Police and other law

*CIVIL RIGHTS CLASS ACTION COMPLAINT      2*

enforcement agencies stopped the lawful First Amendment activity and forced the march onto a side street where, without warning, demonstrators were trapped, detained, prevented from dispersing, and arrested.  The 150 class members were never ordered to disperse or allowed the opportunity to disperse, and there was no probable cause or legal basis to arrest them.  Oakland and Alameda County proceeded to hold the class for an excessive period of time in buses and vans, and then imprisoned them all in the Alameda County Jail.  The plaintiffs were incarcerated overnight, for up to 24 hours, in overcrowded holding cells without cots or even room to lie on the floor, and subjected to other unreasonable conditions of confinement.  None of the class members were ever charged.

2.    The Oakland Police Department's actions, including the wrongful mass arrest and imprisonment, violated multiple provisions of the Oakland Police Crowd Management/ Crowd Control Policy that was entered into by stipulation of the parties and order of the United States District Court in settlement of plaintiffs' claims for injunctive relief in *Coles, et al. v. City of Oakland* and *Local 10, International Longshore and Warehouse Union, et al. v. City of Oakland*, Nos. C03-2961 and 2962 TEH, on December 24, 2004.  Plaintiffs further allege that the police and sheriff's department actions were the result of unlawful and unconstitutional policies and practices of the City of Oakland, the Oakland Police Department (OPD), and Alameda County and its Sheriff's Department (ACSD).

3.    OPD also violated the Crowd Management/ Crowd Control Policy with

*CIVIL RIGHTS CLASS ACTION COMPLAINT*      *3*

unconstitutional and unlawful police misconduct at prior Oakland demonstrations protesting the Oscar Grant killing, including during the period after the shooting in January, 2009; and on July 8, 2010 (the day of the verdict in Mehserle's trial). On those prior occasions, lawful political demonstrators were subjected to wrongful arrest and excessive force, and to wrongful incarceration in the Alameda County Jail. The persons arrested in conjunction with these prior demonstrations and other recent prior demonstrations in Oakland suffered similar unreasonable conditions of confinement, including being incarcerated overnight in overcrowded holding cells lacking sleeping facilities.

4.      The challenged OPD and ACSD misconduct create a substantial chilling effect and deterrent to future First Amendment protected activity in Oakland. The named plaintiffs, on behalf of a class of all those arrested in the November 5, 2010, mass arrest in the vicinity of 6th Avenue between East 17th and 18th Streets, intend to participate in or associate with peaceable protests and assemblies in the City of Oakland in the future. They seek damages and declaratory and injunctive relief to restrain defendants from continuing to violate plaintiffs' federal and state constitutional and statutory rights, the protections for these rights in the Oakland Crowd Management/ Crowd Control Policy, and from using false arrests, false imprisonment, unreasonable conditions of confinement, and other unlawful actions to disrupt, interfere with and deter future demonstrations and protest activities in the City of Oakland and Alameda County.

5.      Defendants' actions deprived the plaintiff class of their right to freedom of

*CIVIL RIGHTS CLASS ACTION COMPLAINT      4*

speech and association; the right to be free from unreasonable searches and seizures; the right to equal protection of the laws and to due process of law; the right to be free from the use of excessive and/or arbitrary force; and the right to privacy, all guaranteed by the United States and California Constitutions, as well as additional state law claims relating to the police actions complained of herein.

## II. JURISDICTION

6.     This action arises under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. The court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7.     Plaintiffs have filed administrative claims with the City of Oakland and Alameda County in compliance with California Government Code sections 910 et seq. The claims have been denied expressly or by operation of law.

## III. INTRADISTRICT ASSIGNMENT

8.     The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division or Oakland Division.

## IV. THE PARTIES

### A. Plaintiffs

9.     DANIEL SPALDING is an adult education English as a Second Language teacher, and resident of San Francisco, California, who volunteers as a National Lawyers Guild legal observer. On November 5, 2010, Mr. Spalding in his capacity as legal

*CIVIL RIGHTS CLASS ACTION COMPLAINT      5*

observer, was peaceably and lawfully observing the political demonstration in the vicinity of 6th Avenue between East 17th and 18th Streets when, without notice or warning, police surrounded him, closed off all avenues of exit, falsely detained and arrested him in the absence of probable cause, and incarcerated him in the Alameda County Jail. Spalding intends to engage in, and associate with, similar First Amendment activity in the future but is concerned that he may be unlawfully prevented from doing so.

10.    KATHARINE LONCKE is a writer and resident of Oakland, California, who was peaceably and lawfully participating in the political demonstration on November 5, 2010, in the vicinity of 6th Avenue between East 17th and 18th Streets when, without notice or warning, police surrounded her, closed off all avenues of exit, falsely detained and arrested her in the absence of probable cause, and incarcerated her in the Alameda County Jail. Loncke wants to engage in, and associate with, similar peaceable expressive activity in the future but is concerned that she may again be unlawfully prevented from doing so.

11.    DANIELLE LOPEZ GREEN is a college student and resident of California, who was peaceably and lawfully participating in the political demonstration on November 5, 2010, in the vicinity of 6th Avenue between East 17th and 18th Streets when, without notice or warning, police surrounded her, closed off all avenues of exit, falsely detained and arrested her in the absence of probable cause, and incarcerated her in the Alameda County Jail. She wants to engage in, and associate with, similar peaceable expressive activity in the future but is concerned she may again be unlawfully prevented from doing

*CIVIL RIGHTS CLASS ACTION COMPLAINT      6*

1  so.

2     12.    ADRIAN DRUMMOND-COLE is a museum guide and resident of

3  Oakland, California, who was peaceably and lawfully participating in the political

4

5  demonstration on November 5, 2010, in the vicinity of 6th Avenue between East 17th and

6  18th Streets when, without notice or warning, police surrounded him, closed off all

7  avenues of exit, falsely detained and arrested him in the absence of probable cause, and

8
   incarcerated him in the Alameda County Jail.  He wants to engage in, and associate with,
9

10 similar peaceable expressive activity in the future but is concerned he may again be

11 unlawfully prevented from doing so.

12     **B. Defendants**

13     13.    Defendant CITY OF OAKLAND is, and at all times herein mentioned was,

14
   a municipal corporation duly organized and existing under the laws of the State of
15

16 California.

17     14.    Defendant ANTHONY BATTS is and was at all times relevant herein the

18 Chief of Police for the CITY OF OAKLAND.  Defendant BATTS was the policy-maker
19
   for Defendant CITY OF OAKLAND on the matters alleged herein related to the customs,
20

21 policies, practices, of the OPD, including, but not limited to, customs, policies and

22 practices related to policing of First Amendment activities; the training, supervision,

23 hiring, discipline, assignment and control of police officers; and the management and
24
   supervision of OPD.
25

26     15.    Defendants HOWARD JORDAN, JEFF ISRAEL, ERIC BRESHEARS,

27 *CIVIL RIGHTS CLASS ACTION COMPLAINT        7*

28

1  EDWARD TRACEY, ANTHONY TORIBIO, DAVID DOWNING, ERSIE JOYNER,

2  MIKE POIRIER, and DARRIN ALLISON, are, and at all times mentioned were,

3
   command and/or supervisory employees of OPD who participated in the planning,
4

5  supervision and execution of the police conduct complained of herein.

6       16.    Defendant ALAMEDA COUNTY is a political subdivision of the State of

7  California.

8       17.    Defendant GREGORY AHERN is and was at all times relevant herein, the
9
   Sheriff of Alameda County with responsibility for the confinement of prisoners at North
10

11 County Jail and for training, assigning and  supervising all Alameda County Sherriff's

12 Department employees.

13      18.    All of the above individual defendants are sued in their individual and
14
   official capacities.
15

16      19.    Plaintiffs are ignorant of the true names and/or capacities of defendants

17 sued herein as DOES 1 through 250, inclusive, and therefore sue said defendants by such

18 fictitious names.  Plaintiffs will amend this complaint to allege their true names and
19
   capacities when ascertained.  The Doe defendants include other government entities, as
20

21 well as individuals, who participated in the conduct complained of herein. Plaintiffs are

22 informed and believe and therefore allege that each of the Doe defendants is legally

23 responsible and liable for the incident, injuries and damages hereinafter set forth, and that
24
   each of said defendants proximately caused said incidents, injuries and damages by
25

26 reason of their negligence, breach of duty, negligent supervision, management or control,

27 *CIVIL RIGHTS CLASS ACTION COMPLAINT      8*

28

violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

20.     Each of the defendants, including defendants DOES 1 through 250, caused, and is responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiffs' rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

21.     In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

22.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

23.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

*CIVIL RIGHTS CLASS ACTION COMPLAINT        9*

## V. CLASS ACTION ALLEGATIONS

24.    Plaintiffs seek class certification pursuant to Fed.R.Civ.P. 23(a), and Fed.R.Civ.P. 23 (b)(2) and (3), to pursue claims for damages, injunctive and declaratory relief on behalf of themselves and all persons similarly situated. The proposed class consists of all persons who were arrested in the mass arrest that occurred on the evening of November 5, 2010, in the vicinity of 6th Avenue and East 17th Street, Oakland, California, and who were issued citations for violation of Penal Code section 408, but as of the date of filing this Complaint, never charged with any crime.

25.    This case satisfies the prerequisites of a Rule 23(b)(2) and (3) class action.

26.    The class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe and thereon allege that approximately 150 persons were arrested. Plaintiffs do not know the identities of all of the arrestees.

27.    The named plaintiffs' claims that their First, Fourth and Fourteenth Amendment rights and their state law and common law rights against false arrest and false imprisonment were violated raise common questions of law and fact.

28.    By encircling and arresting all of the demonstrators, as well as observers, and bystanders who happened to be in the area, without probable cause or lawful justification, and without any warning or opportunity to disperse, defendants acted on grounds generally applicable to the class.

29.    The claims of the named plaintiffs are typical of the claims of the class. The claims of the class members arise from the actions that resulted in damages to the

*CIVIL RIGHTS CLASS ACTION COMPLAINT      10*

1   class representatives and are based on the same legal theories.

2       30.    The representative plaintiffs will fairly and adequately protect the interests

3
    of the class because they were subject to the unlawful law enforcement conduct
4

5   complained of herein, and have no interests antagonistic to other members of the class. In

6   addition, plaintiffs' counsel are experienced in litigating federal civil rights cases and

7   class actions.

8       31.    The defendants have acted and refused to act on grounds generally
9

10  applicable to the class, and injunctive and declaratory relief for the class as a whole is

11  appropriate.

12      32.    The prosecution of separate actions by individual members of the class

13
    would create a risk of inconsistent or incompatible standards of conduct for the
14

15  defendants, thereby making a class action the superior method of adjudicating the

16  controversy.

17              ## VI. STATEMENT OF FACTS

18      33.    On New Years Day, 2009, BART officer Johannes Mehserle shot Oscar
19

20  Grant, an unarmed transit user, in the back, killing him.  The shocking murder was

21  captured on video and cell phone cameras by multiple witnesses and viewed by hundreds

22  of thousands of people on the internet.  This lead to intense public outrage, including

23  demonstrations, and also engendered a diverse community-based "Justice for Oscar
24

25  Grant" movement seeking to end BART and Oakland Police violence and racial profiling.

26  More than 100 people were arrested in demonstrations during January, 2009, most of

27  *CIVIL RIGHTS CLASS ACTION COMPLAINT      11*
28

whom had done nothing wrong and were never charged with any criminal activity, yet were held in the Alameda County Jail for excessive periods of time.

34.     On July 8, 2010, Johannes Mehserle was acquitted of murder and convicted only of involuntary manslaughter. A large demonstration took place in downtown Oakland. Police used force and threat of force against the lawful demonstrators, blocking their path, beating people with batons, and again arresting many peaceable political demonstrators. As had occurred in January, 2009, people of color bore the brunt of the brutality, and many arrestees who had done nothing wrong, and were never charged with any crime, were held for long periods of time under inhumane conditions in the Alameda County Jail.

35.     On November 5, 2010, Mehserle received a minimal sentence, prompting another demonstration. The sentencing date was known well in advance and the Oakland Police Department had planned for the event, calling in numerous outside agencies for mutual aid. The November 5th demonstration was considerably smaller than prior Oscar Grant demonstrations.

36.     After a planned rally downtown, at about 6 pm, a smaller number of demonstrators began marching southeast on 14th Street and then on 10th Street, toward the Fruitvale BART station, where the Grant shooting had occurred.

37.     On 10th Street between Oak Street and 2nd Avenue, the police erected a police line, blocking the marchers' passage. Another police formation appeared to be coming in from behind the march. The police did not give any orders or announcements

*CIVIL RIGHTS CLASS ACTION COMPLAINT       12*

telling the marchers where to go or what to do. To avoid crossing the police lines, many of the demonstrators were forced to go northeast through a park. Approximately 150 people ended up continuing their march southeast on International Boulevard. The police then again erected police lines and forced the march to turn off International Boulevard into a poorly lit residential area.

38.     The Oakland Police and other law enforcement agencies forced and herded the approximately 150 class members into the 1700 block of 6th Avenue and and erected additional police lines, surrounding the class members with riot-clad officers displaying guns and batons. The police used force and threat of force to prevent any of the peaceable protestors from leaving the area.

39.     Class members asked to be allowed to disperse, and asked to speak with a commanding officer, but the police did not respond.

40.     The area within the police lines became a detention zone within which scores of demonstrators, as well as observers and bystanders, were thus seized and arrested within the meaning of the Fourth Amendment to the Constitution without probable cause.

41.     After detaining the class members for about one and one-half hours on the street, without making any announcements or giving any orders or information, at about 7:40 p.m. the police gave the following announcement:

  *"This has been declared a crime scene. If you are media we are asking*

CIVIL RIGHTS CLASS ACTION COMPLAINT        13

*you to step out now or you will also be arrested. If you are with the press*
*you need to step out immediately or you will be arrested. This is declared*
*an unlawful assembly and you are all under arrest. This has been*
*declared a crime scene and you're all under arrest... a crime scene.*
*You're all under arrest.... Do not resist arrest. Obey the orders the*
*officers will give you and you will not be hurt."*

42. Daniel Spalding identified himself as a National Lawyers Guild legal observer and asked to be allowed to leave, but was arrested. Other class members including neighborhood residents and persons with medical conditions also asked to be allowed to leave, but only news media personnel were allowed out of the containment.

43. After detaining the class members without probable cause or lawful justification for approximately one and a half hours in the street in the growing cold and darkness, defendants restrained each of the class members with plastic handcuffs, and loaded them onto buses and vans.

44. Following the hour and a half seizure and detention on the street, defendants held class members for many hours in buses with their hands handcuffed behind their backs. While the class members were on the buses defendants denied them access to toilet facilities. Many of the class members forced to urinate on the floor of the bus where they were sitting or standing, in their clothing unless they were able to free their hands in order to remove clothing. As a result, they suffered discomfort,

*CIVIL RIGHTS CLASS ACTION COMPLAINT      14*

embarrassment and humiliation. Many of the class members also suffered pain, discomfort and injury as a result of having their hands tied behind their backs for an extended period of time and from overly tight plastic "flex-cuffs". Defendants refused to loosen or remove the handcuffs until the class members arrived at the jail and/or were through the booking process, late that night or in the early morning.

45. The plaintiffs and almost all of the approximately 150 class members were taken to Alameda County North County Jail. There, the women were ordered to submit to a pregnancy test and ordered to urinate into a cup. If a class member tried to decline the pregnancy test, she was threatened with being separated from the group and transferred to Santa Rita Jail in Dublin, CA, where she would be held for a longer period of time. The women class members were embarrassed and humiliated by the forced urination and pregnancy testing.

46. A handful of class members were imprisoned at Alameda County Santa Rita Jail rather than North County Jail.

47. All of the plaintiffs and class members incarcerated at North County Jail were detained overnight in holding cells lacking cots or other sleeping surfaces, many of which were so crowded that there was not even room for everyone to lie down on the floor. The class members incarcerated at North County also lacked adequate sanitation, food, water, medications, and medical care. They were subjected to physical and mental abuse and to other inhumane and unreasonable conditions of confinement which caused

*CIVIL RIGHTS CLASS ACTION COMPLAINT        15*

1  them to suffer pain, discomfort, distress, and injury.

2      48.    Prior to being released from the Alameda County Jail, defendants

3

4  wrongfully forced some of the class members to provide buccal swab DNA samples.

5  This was done despite the fact that the custodial arrests were based on the allegation of a

6  non-violent misdemeanor: participating in an unlawful assembly.  Similarly as with the

7

8  pregnancy tests, class members were threatened with extended incarceration at Santa Rita

9  if they refused to provide DNA.

10     49.    All class members imprisoned at North County Jail were held there for

11

12 approximately 18-24 hours and then released with a citation for a single violation of Penal

13 Code section 408, participating in a rout or unlawful assembly.  None of the class

14 members were ever charged with rout/ unlawful assembly, or any crime related to the

15

16 mass arrest.

17     50.    In 2004, the Oakland Police Department adopted a comprehensive new

18 Crowd Management/ Crowd Control Policy, in settlement of plaintiffs' claims for

19 injunctive relief in *Coles, et al. v. City of Oakland* and *Local 10, International Longshore*

20

21 *and Warehouse Union, et al. v. City of Oakland*, Nos. C03-2961 and 2962 TEH, which

22 litigation arose from Oakland Police shootings of peaceful demonstrators and

23 longshoremen with wooden bullets and other "less lethal" projectiles during an antiwar

24

25 demonstration.  The Policy was incorporated into the Stipulation and Order approving the

26 class settlement on December 24, 2004.  The Policy was made into an OPD Training

27 *CIVIL RIGHTS CLASS ACTION COMPLAINT        16*

28

1   Bulletin and all members of OPD were required to be trained on the Policy on an ongoing

2   basis.

3       51.     The police actions on November 5, 2010, violated numerous provisions of

4   the OPD Crowd Management/ Crowd Control Policy, including, but not limited to, ¶ 8(F),

5   

6   which specifies the requirements and procedure for declaring an unlawful assembly, and

7   when a mass arrest may be carried out pursuant to a valid unlawful assembly declaration:

8   

9   *F.     When an unlawful assembly may be declared:*

10  *1.     The definition of an unlawful assembly has been set forth in Penal*

11  *Code Section 407 and interpreted by court decisions.  The terms*

12  

13  *"boisterous" and "tumultuous" as written in Penal Code Section 407 have*

14  *been interpreted as "conduct that poses a clear and present danger of*

15  *imminent violence", or when the demonstration or crowd event is for the*

16  

17  *purpose of committing a criminal act.  The police may not disperse a*

18  *demonstration or crowd event  before demonstrators have acted illegally or*

19  *before the demonstrators pose a clear and present danger of imminent*

20  

21  *violence.*

22  *2.     The mere failure to obtain a permit, such as a parade permit or*

23  *sound permit, is not a sufficient basis to declare an unlawful assembly.*

24  *There must be criminal activity, or a clear and present danger of imminent*

25  

26  *violence.*

27  *CIVIL RIGHTS CLASS ACTION COMPLAINT        17*

28

3. *The fact that some of the demonstrators or organizing groups have engaged in violent or unlawful acts on prior occasions or demonstrations is not grounds for declaring an assembly unlawful.*

4. *The police may not disperse a demonstration or crowd event without first validly declaring it an unlawful assembly under state law.*

5. *Unless emergency circumstances prevent negotiation, crowd dispersal techniques shall not be initiated until after attempts have been made through contacts with the police liaisons and demonstration or crowd event leaders to negotiate a resolution of the situation so that the unlawful activity will cease and the First Amendment activity can continue.*

6. *If after a crowd disperses pursuant to a declaration of unlawful assembly and subsequently participants assemble at a different geographic location where the participants are engaged in non-violent and lawful First Amendment activity, such an assembly cannot be dispersed unless it has been determined that it is an unlawful assembly and the required official declaration has been adequately given.*

G. *Declaration of unlawful assembly:*

1. *When the only violation present is unlawful assembly, the crowd should be given an opportunity to disperse rather than face arrest. Crowd dispersal techniques shall not be initiated until after there have been*

CIVIL RIGHTS CLASS ACTION COMPLAINT        18

repeated announcements to the crowd asking members of the crowd to voluntarily disperse and informing them that if they do not disperse, they will be subject to arrest.  These announcements must be made using adequate sound amplification equipment, and in a manner that will ensure that they are audible over a sufficient area. Announcements must be made from different locations when the demonstration is large and noisy.  The dispersal orders should be repeated after commencement of the dispersal operation so that persons not present at the original broadcast will understand that they must leave the area.  The announcements shall also specify adequate egress or escape routes.  Whenever possible, a minimum of two/escape/egress routes shall be identified and announced.   It is the responsibility of the on-scene OPD commanders to ensure that all such announcements are made in such a way that they are clearly audible to the crowd.

2.     Unless there is an immediate risk to public safety, or significant property damage is occurring, sufficient time will be allowed for a crowd to comply with police commands before action is taken.

3.     Dispersal orders should be given in English and in other languages that are appropriate for the audience.

4.     The Incident Commander should ensure that the name of the

CIVIL RIGHTS CLASS ACTION COMPLAINT        19

individual making the dispersal order and the date/time each order was

given is recorded.

5.      Dispersal orders should not be given until officers are in position to

support/direct crowd movement.

6.      Personnel shall use the following Departmental dispersal order:

I am (rank/name), a peace officer for the City of Oakland. I hereby declare

this to be an unlawful assembly, and in the name of the people of the State

of California, command all those assembled at _____ to

immediately leave. If you do not do so, you may be arrested or subject to

other police action. Section 409 of the Penal Code prohibits remaining

present at an unlawful assembly. If you remain in the area just described,

regardless of your purpose, you will be in violation of Section 409. The

following routes of dispersal are available (routes). You have _____

minutes to leave. If you refuse to move, you will be arrested.

        When a command decision is made to employ crowd dispersal

techniques, attempts to obtain voluntary compliance through

announcements and attempts to obtain cooperation through negotiation

shall both be continued. At any point at which a crowd is dispersing,

whether as a reaction to police dispersal techniques, through voluntary

compliance or as a result of discussion or negotiation with crowd leaders,

CIVIL RIGHTS CLASS ACTION COMPLAINT          20

OPD dispersal techniques shall be suspended and the crowd shall be allowed to disperse voluntarily. This does not preclude a command decision by OPD to reinstate dispersal techniques if crowd compliance ceases.

**H.** If negotiation and verbal announcements to disperse do not result in voluntary movement of the crowd, then officers may employ additional crowd dispersal techniques, but only after orders from the Incident Commander or designated supervisory officials. The permissible techniques to disperse or control a non-compliant crowd, include all of the following as described and limited below, and not in any specific order of use:

1. Display of police officers including motorcycles, police vehicles and mobile field forces (forceful presence);

2. Encirclement of the crowd and multiple simultaneous arrest;

3. Police formations which advance towards the crowd to cause movement of the crowd and the use of the baton;

4. Non aerosol crowd control chemical agents.

5. Sound and light diversionary and other distraction devices (non-pellet) including those containing optional chemical agents.

**I.** All of these crowd dispersal techniques shall be used consistent with

CIVIL RIGHTS CLASS ACTION COMPLAINT        21

*the department policy of using the minimal police intervention needed to*

*address a crowd management or control issue.*

52.     The OPD Crowd Management/ Crowd Control Policy instructs OPD members that probable cause is required for each individual arrest.  Section IX(A)(5) instructs that *"Individuals may not be arrested based on their association with a crowd in which unlawful activity has occurred.  There must be probable cause for each individual arrest.  This means the officer must have objective facts based on his own knowledge, or information given him by other officers, sufficient to believe that each specific individual being arrested committed the offense.  Thus, the only proper basis for a multiple simultaneous arrest of all the individuals encircled at a demonstration is failure to disperse (Pen. Code §409), where the dispersal was properly ordered based on the existence of an unlawful assembly and adequate notice and opportunity to disperse has been given."*

53.     The OPD Crowd Management/ Crowd Control Policy also makes clear to OPD members that individuals arrested for misdemeanors, like the plaintiff class members, are to be released with a citation, in compliance with California Penal Code section 853.6, and not held in jail, unless one of the exceptions specified in the statute applies.  (¶ X.)

54.     On information and belief, prior to and during this demonstration and the prior Oscar Grant / Mehserle demonstrations, defendants gathered, maintained and

*CIVIL RIGHTS CLASS ACTION COMPLAINT*     22

1  disseminated documents, information and intelligence concerning the demonstrations,

2  including, but not limited to, information about the constitutionally protected speech and

3  associational activities of individuals and organizations involved in the Justice for Oscar

4  Grant movement.  Defendants' actions in gathering, maintaining and disseminating

5  documents, information and intelligence concerning the constitutionally protected speech

6  and associational activities of the plaintiff class was overbroad, unnecessary and

7

8  unjustified by any legitimate law enforcement purpose.

9

10              **VII.  REQUISITES FOR RELIEF**

11      55.     Plaintiffs are informed and believe that the violations of the plaintiffs'

12  constitutional and lawful rights complained of herein were caused by customs, policies,

13  directives, practices, acts and omissions of authorized policy makers of the defendants

14

15  CITY OF OAKLAND and ALAMEDA COUNTY, including defendants BATTS,

16  AHERN and other supervisory officials of the OPD, the City of Oakland, and the

17  Alameda County Sheriff's Department, who encouraged, authorized, directed, condoned,

18  and ratified the unconstitutional and unlawful conduct complained of herein.  Said

19  customs, policies and practices include, but are not limited to the use of mass arrests

20

21  without probable cause and pre-charging imprisonment under inhumane conditions to

22  disrupt and deter demonstrators and First Amendment protected activity; the failure to

23  maintain adequate policies, and to adequately train, supervise and control OPD officers

24  and Alameda County Sheriff's Deputies concerning the policing of demonstrations and

25

26

27  *CIVIL RIGHTS CLASS ACTION COMPLAINT      23*

28

1  other expressive activities with respect to crowd control, crowd dispersal and the

2  constitutional and statutory limitations on arrests and imprisonment.

3  56.   As a direct and proximate result of the conduct of defendants described

4  herein, the named individual plaintiffs have been denied their constitutional, statutory and

5  legal rights as stated below, and have suffered general and special damages, including but

6  not limited to, mental and emotional distress, physical injuries and bodily harm, pain,

7  fear, humiliation, embarrassment, discomfort, and anxiety and other damages in an

8  amount according to proof.

9  57.   Defendants' acts were willful, wanton, malicious and oppressive and done

10  with conscious disregard and deliberate indifference for plaintiffs' rights.

11  58.   Defendants' policies, practices, customs, conduct and acts alleged herein

12  have resulted and will continue to result in irreparable injury to plaintiffs, including but

13  not limited to violations of their constitutional and statutory rights.  Plaintiffs have no

14  plain, adequate or complete remedy at law to address the wrongs described herein.  The

15  plaintiffs and class members intend in the future to exercise their constitutional rights of

16  freedom of speech and association by engaging in demonstrations and expressive

17  activities in the City of Oakland and Alameda County.  Defendants' conduct described

18  herein has created fear, anxiety and uncertainty among plaintiffs with respect to their

19  exercise now and in the future of these constitutional rights.  Plaintiffs therefore seek

20  injunctive relief from this court, to ensure that plaintiffs and persons similarly situated

*CIVIL RIGHTS CLASS ACTION COMPLAINT       24*

1   will not suffer violations of their rights from defendants' illegal and unconstitutional

2   policies, customs and practices as described herein.  Plaintiffs also seek injunctive relief

3   in the form of an order requiring that defendants seal and destroy any records derived

4   from plaintiffs' arrests, including fingerprints, photographs, and other identification and

5   descriptive information, and all information, and biological samples and information

6   obtained from such biological samples collected from the plaintiff class, and identify to

7   the plaintiff class all entities and agencies to which such information has been

8   disseminated; and that all such disseminated records be collected and destroyed.

9

10        59.    An actual controversy exists between plaintiffs and defendants in that

11  plaintiffs contend that the policies, practices and conduct of defendants alleged herein are

12  unlawful and unconstitutional, whereas plaintiffs are informed and believe that

13  defendants contend that said policies, practices and conduct are lawful and constitutional.

14  Plaintiffs seek a declaration of rights with respect to this controversy.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*CIVIL RIGHTS CLASS ACTION COMPLAINT*       25

## VIII.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation Of First Amendment To The United States Constitution
### (42 U.S.C. § 1983)

60.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

61.     Defendants' above-described conduct violated plaintiffs' rights to freedom of speech and association under the First Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
### Violation Of Fourth Amendment To United States Constitution
### (42 U.S.C. § 1983)

62.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

63.     Defendants' above-described conduct violated plaintiffs' rights to be free from unreasonable seizures and excessive and/or arbitrary force and/or arrest and/or imprisonment without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment To United States Constitution
### (42 U.S.C. § 1983)

64.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

*CIVIL RIGHTS CLASS ACTION COMPLAINT*      26

65.    Defendants' above-described conduct violated plaintiffs' right to not be deprived of liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
### Violation Of Fourteenth Amendment To United States Constitution
### (42 U.S.C. § 1983)

66.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

67.    Defendants' above-described conduct violated plaintiffs' rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF
### False Arrest and False Imprisonment

68.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

69.    Plaintiffs were arrested and imprisoned without reasonable or probable cause to believe that they committed any crime.

70.    Defendants intentionally imprisoning the class in the Alameda County Jail in violation of Penal Code section 853.6, and for an unreasonably prolonged period of time and under unreasonably inhumane conditions.

## SIXTH CLAIM FOR RELIEF
### Violation of California Civil Code § 51.7

71.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of

*CIVIL RIGHTS CLASS ACTION COMPLAINT        27*

1   this complaint.

2       72.   Defendants' above-described conduct violated plaintiffs' right to be free

3   from violence and intimidation by threat of violence because of their actual or perceived

4
5   political affiliation and/or viewpoint, in violation of California Civil Code section 51.7.

6                     **SEVENTH CLAIM FOR RELIEF**
                    **Violation of California Civil Code § 52.1**
7

8       73.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of

9
10  this complaint.

11      74.   Defendants' above-described conduct constituted interference, and

12  attempted interference, by threats, intimidation and coercion, with plaintiffs' peaceable

13  exercise and enjoyment of rights secured by the Constitution and laws of the United

14
15  States and the State of California, in violation of California Civil Code section 52.1.

16                    **EIGHTH CLAIM FOR RELIEF**
                    **California Constitution, Article I, §1**
17

18      75.   The above-described acts of defendants, including, but not limited to, the

19  forced pregnancy and DNA testing and the collecting of information concerning

20
21  plaintiffs' speech and associational activities, violated plaintiffs' right to privacy under

22  article I, section 1 of the California Constitution.

23                     **NINTH CLAIM FOR RELIEF**
                           **Negligence**
24

25      76.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of

26

27  *CIVIL RIGHTS CLASS ACTION COMPLAINT*      28

28

1   this complaint.

2        77.   Defendants have a duty of care to plaintiffs to ensure that defendants did

3

4   not cause unnecessary or unjustified harm to plaintiffs, and a duty of care to hire, train,

5   supervise and discipline OPD and ACSD officers so as to not cause harm to plaintiffs and

6   to prevent violations of plaintiffs' constitutional, statutory and common law rights.

7        78.   The above-described acts and omissions of defendants breached the duty of

8

9   care defendants owed to the named individual plaintiffs.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *CIVIL RIGHTS CLASS ACTION COMPLAINT*     29

28

# IX. PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For an order certifying the class defined herein pursuant to Federal Rules of Civil Procedure Rule 23(b)(2) and (3);

2. For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

3. For preliminary and permanent injunctive relief requiring defendants to seal and destroy all records derived from this arrest, including all fingerprints, photographs, identification and descriptive information, and all biological samples and information obtained from such biological samples collected from the plaintiff class;

4. For entry of an order that disclosure be made in writing to plaintiffs and the Court as to all entities and agencies to which such material has been disseminated and by whom gathered; and that all records disseminated be collected and sealed, including all copies of such disseminated records that may have been subject to dissemination by others;

5. For entry of an order declaring the arrests null and void;

6 For a declaratory judgment that defendants' conduct complained of herein was a violation of plaintiffs' rights under the Constitution and laws of the United States and California;

*CIVIL RIGHTS CLASS ACTION COMPLAINT*     *30*

7. For general and compensatory damages for violation of plaintiffs' federal and state constitutional and statutory rights, pain and suffering, all to be determined according to proof;

8. For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

9. For an award of statutory damages and penalties pursuant to Cal. Civil Code section 52(b) to be determined according to proof;

10  For attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code section 52(b) and section 52.1(h), and California Code of Civil Procedure section 1021.5;

11  For costs of suit;

12. For pre- and post-judgment interest as permitted by law;

13. For such other and further relief as the Court may deem just and proper.

Dated: June 11, 2011      NATIONAL LAWYERS GUILD
                          RACHEL LEDERMAN
                          CAROL SOBEL
                          BOBBIE STEIN
                          R. MICHAEL FLYNN
                          MARA VERHEYDEN-HILLIARD
                          CARL MESSINEO
                          PARTNERSHIP FOR CIVIL JUSTICE FUND


                          By: RACHEL LEDERMAN
                          Attorney for Plaintiffs

*CIVIL RIGHTS CLASS ACTION COMPLAINT      31*

1

## JURY TRIAL DEMAND

2        Plaintiffs hereby demand a jury trial.

3   Dated: June 11, 2011

4

5                                    By: RACHEL LEDERMAN
                                     Attorney for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *CIVIL RIGHTS CLASS ACTION COMPLAINT*        *32*

28