|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DANIEL SPALDING, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, et al.<br><br>  Defendants. | No. C11-02867 TEH (LB) |

## SETTLEMENT AGREEMENT

The Parties: Plaintiffs DANIEL SPALDING, KATHARINE LONCKE, DANIELLE LOPEZ GREEN, ADRIAN DRUMMOND-COLE, on behalf of themselves and each Class Member, as defined below; Defendants CITY OF OAKLAND, ANTHONY BATTS, HOWARD JORDAN, JEFF ISRAEL, ERIC BRESHEARS, EDWARD TRACEY, ANTHONY TORIBIO, DAVID DOWNING, ERSIE JOYNER, MIKE POIRIER, and DARRIN ALLISON (hereafter, "OAKLAND DEFENDANTS"); and Defendants COUNTY OF ALAMEDA and GREGORY AHERN (hereafter, "COUNTY DEFENDANTS"); by and through their respective counsel, agree and stipulate as follows.

### I. *The Litigation*

On June 13, 2011, Plaintiffs filed a class action complaint asserting violations of their First, Fourth, and Fourteenth Amendment rights, and their rights under California state law, arising from a mass arrest which occurred on November 5, 2010.  The 150 Class Members were arrested during a march protesting police misconduct and the sentencing of Johannes Meserhle, the BART officer convicted in the death of Oscar Grant. It is undisputed that the Class Members were not given an order or opportunity to

disperse.

Following their arrest by the Oakland Police and a period of detention on the street, the 150 Class Members were placed in the custody of the Alameda County Sheriff and detained in buses and other vehicles, and in an Alameda County Jail holding area, for a total of 14 - 24 hours before being released with citations for unlawful assembly.  No charges were ever filed against any of the Class Members.

Plaintiffs alleged that the arrests and imprisonment violated the OPD Crowd Management / Crowd Control Policy adopted in settlement of *Coles v. City of Oakland* and *Local 10, ILWU, v. City of Oakland*, Nos. C03-2961 and 2962 TEH.

Plaintiffs requested monetary damages, attorney's fees and costs, and an injunction to restrain defendants from continuing to violate plaintiffs' rights and the protections for these rights in the Crowd Control Policy; and an order requiring defendants to seal and destroy all records derived from this arrest, and declaring the arrests null and void.

On March 23, 2012, the Court granted Plaintiffs' motion for class certification. (Docket No. 41.) In May, 2012, Plaintiffs' Counsel disseminated class notice in the manner specified in this Court's May 8, 2012, Order (Docket No. 54.)  The class notice specified a deadline to June 20, 2012, for exclusion from the class. No one requested to be excluded from the class.

The Parties engaged in preliminary discovery including written discovery, and depositions of two Oakland Police defendants and two Sheriff's personnel. The Parties then agreed to stay discovery and litigation and engage in settlement discussions.

## II. *The Settlement Process*

Between June 18, 2012 and the present, the Parties have participated in four all day and two partial day settlement conferences with Magistrate Judge Laurel Beeler, as well as several telephone conferences with Judge Beeler and a separate meeting between plaintiffs' counsel and the Alameda County defendants.  As a result of these extensive

1 settlement negotiations, and with Judge Beeler's assistance, the Parties have now agreed
2 on a complete settlement of this litigation, the terms of which are set forth below.
3     Plaintiffs and Defendants have taken into account the uncertainty, risks, time and
4 expense inherent in litigation, and have concluded that it is reasonable, desirable and in
5 the public interest that this litigation be settled in the manner and upon the terms and
6 conditions set forth in this Stipulation.  Plaintiffs and their counsel believe that the
7 settlement as set forth in this Stipulation confers substantial benefits on the Class, and the
8 general public, and that it is fair and reasonable. Based on their evaluation, Plaintiffs and
9 their counsel have determined that the settlement set forth in the Stipulation is in the best
10 interests of the Class.

### III. *The Settlement Agreement and Terms of Stipulation*

**A. Definitions**

13     "Effective Date" shall be when the Judgment has become Final as defined below.
14     "Final" means the date on which the Court has entered the Judgment, following
15 submission of this Settlement Agreement and the Final Approval Motion to the Court.
16     "Preliminary Approval Motion" means a motion filed with the Court
17 requesting that the Court consider and preliminarily approve the Settlement
18 Agreement.
19     "Final Approval Motion" shall mean a motion filed with the Court requesting
20 that the Court consider and, if it finds the settlement to be fair and reasonable, finally
21 approve the Settlement Agreement.
22     "Final Approval Hearing" means the hearing to be held by the Court to consider
23 and determine whether the proposed Settlement of the Litigation as contained in this
24 Stipulation should be approved as fair, reasonable, and adequate, and whether the
25 Judgment should be entered.
26     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be

rendered by the court.

"Approved Claim" means a claim submitted no later than the Bar Date by a Class member other than a Representative Plaintiff which is approved by plaintiffs' counsel.

"Bar Date" means that date specified herein by which Claim Forms submitted by Class Members must be delivered or post-marked in order to be considered for payment pursuant to the terms of the Settlement described in this Stipulation.

"Class" means the class as defined in the Court's March 23, 2012, Order granting class certification: "The approximately 150 people who were arrested in the mass arrest on 6th Avenue between East 17th and 18th Streets in Oakland on November 5, 2010, and who were never charged with any crime related to this arrest."

"Class Members" means all persons within or encompassed by the definition of the Class.

"Class Representatives" or "Plaintiffs" means Daniel Spalding, Katharine Loncke, Danielle Lopez Green, and Adrian Drummond-Cole.

"Claimants" means Class members who actually file claims pursuant to the procedures set forth in the Court's Preliminary Approval Order.

"Class Notice of Settlement Agreement" means the written notice, together with the Publication Notice, which shall include the general terms of the Settlement Agreement, and the date of the Final Approval Hearing. The Class Notice of Settlement shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due process, any other applicable law, and shall otherwise be in the manner and form approved by the Court.

"Claim Form" means that form which Class Members must submit in order to qualify to participate in the settlement described in this Stipulation.

"The Parties" means the parties to this settlement agreement,

who are the Plaintiffs and the Class, and the Oakland Defendants and County Defendants, defined above.

"Court" means the United States District Court for the Northern District of California.

"Class Counsel" or "Plaintiffs' Counsel" means the class counsel appointed in the Court's March 23, 2012, Order granting class certification: Rachel Lederman, Bobbie Stein, R. Michael Flynn, Carol Sobel, Mara Verheyden-Hilliard and Carl Messineo.

"Lead Counsel for Plaintiffs" means Rachel Lederman.

"Class Settlement Fund" means the sum to be paid by the Defendants, totaling $1,025,000, not subject to reversion, which will be funded and distributed as further described in this Agreement.

**B. Monetary Settlement**

In consideration of the Release set forth in section III.G. of this Stipulation and the entry of Judgment on the claims of all Class Members, the Defendants will jointly pay the sum of $1,025,000, within fifteen (15) days of the Effective Date of this settlement. Said payment shall include all attorney's fees and costs and shall be made payable to Rachel Lederman, Attorney Client Trust Account, to be distributed to the Class Representatives, Claimants and Class Counsel by that office as follows:

The four Class Representatives shall each receive $9,000;

Those Claimants who have submitted Approved Claims shall each receive an equal part of $639,000;

Class Counsel shall receive $350,000 for attorneys' fees and costs, including all costs associated with the administration of the Class Settlement Fund, transmittal and publication of the Class Notice of Settlement Agreement and Claim Forms, review and approval of Claim Forms and payment of Approved Claims.

**C. Non-Monetary Settlement**

**1. Sealing and Destruction of Arrest Records**

The Parties stipulate to the following and seek the Court's order granting such relief as of the Effective Date:

a. All arrest records, police reports, investigative reports, booking information, on line data, or any other documentation or information pertaining to the arrests of the Plaintiffs and Claimants who have submitted Approved Claims in the possession of the Oakland Defendants and County Defendants shall be sealed and destroyed.

b. The Parties stipulate that the relief shall be the equivalent of a determination of factual innocence pursuant to California Penal Code section 851.8, and that the procedural requirements of that statute shall be waived, including any time deadlines and notice to the District Attorney.

c. The Court shall issue an Order in the names of all of the Plaintiffs and Claimants who have submitted Approved Claims, stating that it is the determination of the Court, pursuant to the stipulation of the Oakland defendants (the arresting agency), that the Plaintiffs and Claimants are factually innocent of the charges for which they were arrested and that they are thereby exonerated. Thereafter, the arrest shall be deemed not to have occurred and the person may answer accordingly any question relating to its occurrence. (See, California Penal Code section 851.8, subd. (f).)

d. Destruction of records of arrest pursuant to the Court's order shall be accomplished by permanent obliteration of all entries or notations upon the records pertaining to the arrest, and the record shall be prepared again so that it appears that the arrest never occurred. However, where the only entries on the record pertain to the arrest and the record can be destroyed without necessarily affecting the destruction of other records, the document constituting the record shall be physically destroyed. (See, Penal Code section 851.8, subd. (j).)

e. Defendants will provide a copy of the Court order to the California Department of Justice, along with a list of all Class Members and advise said agency of the fact that the records of their November 5, 2010 arrests have been rendered obsolete on the basis of a finding of factual innocence pursuant to Penal Code 851.8.

**2. *Coles / Local 10* Settlement and Crowd Control Policy**

The Oakland Defendants will continue to abide by the terms of the *Coles / Local 10* (C03-2961 and 2962 TEH) settlement stipulation and order dated December 24, 2004, which is attached as Exhibit A and incorporated by reference herein.

The parties agree that the meet and confer requirement specified in the *Coles / Local 10* settlement stipulation and order at page 5, line 28, through page 6, line 9, will be satisfied if: Before making any material change to the Crowd Control Policy (as set forth in Exhibit A) or the associated Training Bulletin (OPD TB III-G, issued 28 Oct. 2005), or to associated training outlines, the Oakland Police Department and its counsel will meet and confer with representatives of the National Lawyers Guild - SF Bay Area Chapter, and the ACLU of Northern California, in a good faith effort to reach agreement on such changes.

All participants will bear their own attorney's fees and costs related to any such meet and confer process.

**3. Citation and Release Policy - OPD**

The Oakland Police Department will adopt the following policy regarding Citation and Release of misdemeanor arrestees in instances of multiple simultaneous arrest, and Paragraph VIII of OPD Training Bulletin III-G, Crowd Control, shall be amended accordingly, as follows:

A. The OPD will comply with Penal Code section 853.6, and with Department General Order M-7, "Citations for Adult Misdemeanors", III, A-N, by citing and releasing individuals who qualify for such under the Penal Code.

B. When it is impractical to cite arrestees at or near the site of the demonstration because of a substantial risk that this procedure would allow the unlawful activity to continue or because of specific geographic factors, OPD may cite and release arrestees from temporary processing stations or police facilities as near the site of the arrest as possible. While detained during the citation and release process, arrestees shall have reasonable access to toilet facilities and to appropriate medical attention.

C. No fingerprinting will be done as part of the citation and release process. Arrestees may be instructed to appear for booking prior to or after arraignment. Commanders shall exercise discretion as to whether property searches are necessary. Property of persons who qualify for citation and release will not be confiscated unless it is found to contain contraband. The intention of this policy is to release citation-eligible arrestees as promptly as possible, and to obviate the need to transfer such arrestees to the Sheriff's custody. Persons for whom a valid warrant is confirmed, or who do not produce valid identification or who are otherwise found ineligible for citation will be transferred to the Sheriff's custody.

D. An officer seeking to book a misdemeanor arrestee into jail must have an articulable basis to believe that one of the specified statutory exceptions to mandatory cite and release applies to that individual. This basis must be documented in the police report.

E. The mere fact that further demonstrations are likely to be held in the near future is not a proper basis to apply subdivision (7) of P.C. 853.6 ("reasonable likelihood that the offense may continue or resume") to individual demonstrators.

F. There must be an articulable objective basis to believe that, if cited out, those specific indi-viduals would continue the same illegal activity for which they were arrested.

G. Individuals may not be booked into jail on the sole basis of a felony charge consisting of conspiracy to commit a misdemeanor.

.     **4. Citation and Release Policy - Alameda County**

The Alameda County Sheriff's Office will adopt a new policy and procedure to expedite the citation and release of citation-eligible persons who are transferred to the Sheriff's custody as the result of mass arrest, as defined in the new policy, Detention and Corrections Policy and Procedure No. 11.65, attached hereto as Exhibit B and incorporated herein by this reference.  The new policy and procedure is specifically intended to ensure the prompt release of those mass arrestees who are eligible for citation and release under Penal Code section 853.6, and to protect their health and comfort during the time they are temporarily detained.

As such, mass arrestees will have access to toilet facilities at all times, except while actually in transit from the arrest site to the jail. Handcuffs will be checked before arrestees are transported to the jail and arrestees will not be accepted for transport unless a Deputy has verified that the handcuffs are properly applied and not likely to cause injury or undue discomfort. Handcuffs will be removed at the jail facility as soon as it is safe to do so without jeopardizing safety and security.  Each vehicle used to transport mass arrestees to jail shall be equipped with a flexcuff cutter to be used in the case of an emergency.  Mass arrestees who are eligible for citation and release and who provide a valid California driver's license or identification card will not be fingerprinted prior to citation and release.

**D.  Preliminary Approval**

As soon as possible, and in no event more than five days, after execution of this Stipulation, the Parties shall jointly submit the Stipulation together with its Exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order substantially in the form set forth in Exhibit C, requesting, inter alia, the preliminary approval of the Settlement set forth in this Stipulation, and approval/ dissemination of Class Notice of the Settlement and the proposed Claim Form.

**E. Class Notice of the Settlement and Claim Form**

After Notice of Settlement Agreement, the Class Members shall have 21 days to file a Claim Form, or to object to the Settlement Agreement following the procedure set forth in the Notice.

**F. Final Approval**

A Final Approval Hearing shall be set no less than 30 days after the Court issues its Preliminary Approval Order. The parties jointly request that, at the Final Approval Hearing, the Court approve the settlement of the Litigation and enter Judgment in a form substantially similar to that attached hereto as Exhibit D.

**G. Releases and Bar Order**

1. Upon the Effective Date, as defined above, the Parties shall be deemed to have, and shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all claims arising from the events alleged in Plaintiffs' Complaint.

2. Upon the Effective Date, the Plaintiffs and Class Members shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any claims arising from the events alleged in Plaintiffs' Complaint.

3. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the determination regarding approval or disapproval of any claim submitted.

**H. Waiver and Covenant Not to Sue**

Upon the Effective Date, each of the Defendants shall be deemed to have, and shall have, fully, finally, and forever waived, released, and relinquished any claim for malicious prosecution in connection with the Litigation. Each such Defendant covenants that he or she will not institute any claim, lawsuit, arbitration, or proceeding of any nature against Plaintiffs, any Class Member, or Plaintiffs' Counsel for any act or omission in connection with this Litigation.

**I. Conditions of Settlement, Effect of Disapproval**

This Settlement is subject to the following conditions:

1. This Settlement is subject to the approval of the Court as provided in Federal Rule of Civil Procedure 23(e).

2. If the Stipulation is not approved by the Court, or otherwise fails to become effective in accordance with its terms and provisions, the terms and provisions of this Stipulation, with the exception of this section, shall have no further force and effect with respect to the Parties and neither this Stipulation nor any submission by any party in connection with the Motion(s) for Preliminary or Final Approval or Appeal therefrom, or any related motions or proceedings, may be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc.

**J. Miscellaneous Provisions**

1. The Parties (a) acknowledge that it is their intent to consummate the Settlement set forth in this Stipulation, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish and effectuate the terms and conditions of the Stipulation.

2. The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims

1  which are contested and shall not be deemed an admission by any Party as to the merits of
2  any claim or defense. The Parties agree that the terms of the settlement were negotiated in
3  good faith by the Parties, and reflect a settlement that was reached voluntarily after
4  consultation with competent legal counsel and with the assistance of Judge Beeler.

5    3. All of the exhibits to this Stipulation are material and integral parts hereof and
6  are fully incorporated herein by this reference.

7    4.  The Stipulation and the exhibits attached hereto constitute the entire agreement
8  among the parties hereto and no representations, warranties or inducements have been
9  made to any party concerning the Stipulation or its exhibits other than the representations,
10 warranties, and covenants contained and memorialized in such documents.

11   5. This Stipulation may be amended or modified only by a written instrument
12 signed by or on behalf of all Parties. Lead Counsel for Plaintiffs, on behalf of the Class, is
13 expressly authorized by the Plaintiffs to take all appropriate action required or permitted
14 to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is
15 expressly authorized to enter into any modifications or amendments to the Stipulation on
16 behalf of the Class which she deems appropriate.

17   6.  Each attorney or other person executing the Stipulation or any of its exhibits on
18 behalf of any Party hereto hereby warrants that such person has the full authority to do
19 so.

20   7. The Stipulation shall be binding upon, and inure to the benefit of, the successors
21 and assigns of the Parties hereto.

22   8. The Court shall retain jurisdiction of this matter after these claims are dismissed
23 to enforce the terms of this Settlement Agreement for four years from the Effective Date,
24 with the proviso that within that four year time period if there is a material breach of the
25 terms of this Settlement Agreement any Party may move the court to extend the time for
26 up to an additional three years. The Parties further request that the Court appoint
*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*     p. 12

1  Magistrate Judge Laurel Beeler for resolution of any disputes, to facilitate the meet and
2  confer process referenced in paragraph III.C.2, and to issue all appropriate orders
3  concerning this Settlement Agreement and the implementation and enforcement thereof.
4      9. This Settlement Agreement was drafted with substantial review and input by all
5  Parties and their counsel, and no reliance was placed on any representations other than
6  those contained herein. The Parties agree that this Settlement Agreement shall be
7  construed by its own terms, and not by referring to, or considering, the terms of any other
8  settlement, and not by any presumption against the drafter.
9      NOW, THEREFORE, the foregoing terms are hereby STIPULATED AND
10 AGREED, by and among the Parties, subject to approval of the Court pursuant to Rule
11 23(e) of the Federal Rules of Civil Procedure.

DATED: May 16, 2013    BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By:  /S/_____
GREGORY J. ROCKWELL, ESQ.
Attorneys for Defendants
COUNTY OF ALAMEDA and GREGORY AHERN

DATED: May 16, 2013    BARBARA J. PARKER, CITY ATTORNEY, CITY OF OAKLAND

By: /S/_____
RANDOLPH W. HALL
Attorneys for Defendants
CITY OF OAKLAND, et al.

DATED: May 16, 2013    RACHEL LEDERMAN
CAROL SOBEL
BOBBIE STEIN
R. MICHAEL FLYNN

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*   p. 13

MARA VERHEYDEN-HILLIARD
CARL MESSINEO
PARTNERSHIP FOR CIVIL JUSTICE FUND


By: /S/_____
RACHEL LEDERMAN
Attorneys for Plaintiffs and the Class

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*     p. 14