IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SPALDING, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | NO. C11-2867 TEH<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

　　　　All Parties have agreed to a settlement in this case. The settlement agreement dated May 16, 2013 ("Agreement"), was filed with this Court on May 22, 2013, as Exhibit 1 to the Joint Application for Preliminary Approval. Capitalized terms in this order shall have the same meaning as set forth in the Agreement.

　　　　The Court granted preliminary approval; the Class was notified of the settlement as provided in the Court's preliminary approval order; and a Final Approval Hearing was held where the opportunity for objections was allowed. No written or oral objections were received. Class Members were previously provided notice of the litigation and an opportunity to exclude themselves from the Class, and no one opted out. Pursuant to Federal Rule of Civil Procedure 23(e), and in accordance with the Agreement, the Court finds the settlement, and the stipulated attorneys' fees and costs, to be fair, reasonable, and adequate. Accordingly, pursuant to the parties' stipulation, and with good cause appearing, IT IS HEREBY ORDERED that:

　　　　1.　The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). The court has personal jurisdiction over the Class Representatives, Defendants, and the Class.

2. The Class Notice of the proposed settlement, in the form attached as Exhibit 2 to the Joint Application for Preliminary Approval, constituted the best notice practicable under the circumstances and was reasonably calculated to apprise Class Members of the settlement and the release of rights contained in the Agreement.  Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Class Notice provided Class Members due and adequate notice of the Agreement, these proceedings, and the rights of Class Members to object to the Agreement.

3. Pursuant to Rule 23, this Court hereby approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, and adequate to Class Members.  Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Agreement.

4. Within fifteen days of the date of this order, Defendants shall pay the sum of $1,025,000 to Class Counsel for distribution to Class Members who submitted Approved Claims, Class Representatives, and Class Counsel, as provided in the Agreement.

5. The Court finds that the payments to the Class Representatives provided in the Agreement are not unduly preferential, and the amounts are justified based on the burdens carried by the Class Representatives in commencing and prosecuting this litigation.

6. The Court approves the payment to Class Counsel for attorneys' fees and costs as provided in the Agreement and finds that the stipulated attorneys' fees and costs payment was the product of arm's length and good faith negotiations supervised by Magistrate Judge Laurel Beeler, and that it takes into consideration the right of Class Counsel to seek an award of fees that would be substantially higher than the amount agreed to and all other relevant factors.

7. Pursuant to Section III.C.1 of the Agreement, the Court will issue a separate order with the names of Class Members who submitted Approved Claims, stating that it is the determination of the Court, pursuant to stipulation of the Oakland Defendants, that these individuals are factually innocent of all charges for which they were arrested, and that these individuals are thereby exonerated.  The order will further provide that the Oakland Police

1 Department ("OPD") and any other law enforcement agency that participated in the arrests in
2 question shall seal and destroy all arrest records pertaining to the said arrests.

3       8. Pursuant to Section III.C.2 of the Agreement, the Oakland Defendants will
4 continue to abide by the terms of the *Coles/Local 10* settlement stipulation and order dated
5 December 24, 2004 (Case Nos. C03-2961 and 2962 TEH), which is attached as Exhibit A to
6 the Agreement. The meet and confer requirement specified in the *Coles/Local 10* settlement
7 order (at page 5, line 28 to page 6, line 9) will be satisfied if the OPD and its counsel meet
8 and confer with representatives of the National Lawyers Guild-SF Bay Area Chapter and the
9 ACLU of Northern California before making any material change to the Crowd Control
10 Policy, the associated Training Bulletin (OPD Training Bulletin III-G), or associated training
11 outlines, in a good faith effort to reach agreement on any such change. All participants will
12 bear their own attorneys' fees and costs related to any such meet and confer process.

13       9. Pursuant to Section III.C.3 of the Agreement, the OPD shall adopt the policies
14 regarding citation and release of misdemeanor arrestees in instances of multiple simultaneous
15 arrest as set forth in the Agreement, and Paragraph VIII of OPD Training Bulletin III-G,
16 Crowd Control, shall be amended as set forth in the Agreement. The meet and confer
17 discussed in paragraph 8 above shall not be required to make these changes.

18       10. Pursuant to Section III.C.4 of the Agreement, the Alameda County Sheriff's
19 Office ("ACSO") shall adopt a new policy and procedure to expedite the citation and release
20 of citation-eligible persons who are transferred to the Sheriff's custody as the result of mass
21 arrest, as defined in the new policy (ACSO Detention and Corrections Policy and Procedure
22 No. 11.65, Mass Arrest Booking Procedure), attached as Exhibit B to the Agreement.

23       11. The Court expressly retains jurisdiction of this matter to enforce the terms of this
24 order and the Agreement, to resolve any disputes, to facilitate the meet and confer process
25 referenced in paragraph 8 above, and to issue all appropriate orders concerning the
26 Agreement and the interpretation, implementation, and enforcement thereof, for four years
27 from the date of this order. If there is a material breach of the terms of the Agreement within
28

that four-year time period, any Party may move the court to extend the time for up to an additional three years.

Following entry of this order and the accompanying order concerning exoneration and sealing and destruction of arrest records, the Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 09/09/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT